UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JOSE ANGLADA, individually and on
behalf of others similarly situated,

        Plaintiffs,

     v.           06-cv-12901

LINENS 'N THINGS, INC.

        Defendant.

## COMPLAINT

### INTRODUCTION

1. Plaintiff brings this action for unpaid overtime.

### JURISDICTION

2. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"), by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

3. This Court has supplemental jurisdiction over the state claim raised by virtue of 28 U.S.C. §1367(a).

### VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1). Upon information and belief, the defendant Corporation resides within this District.

## PARTIES

### A.  Plaintiff

5.  The named plaintiff was an employee of defendant. A Consent to Sue is attached at the back of this complaint.

6.  Plaintiff was engaged in commerce while working for defendant.

7.  The term "plaintiffs" as used in this complaint refers to the named plaintiff and all Department Managers or employees with the same or substantially similar job duties and Assistant Store Managers for Merchandising who did not have the authority to hire or fire other employees and whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight, and who were not paid time and one half overtime pay for hours over 40, pursuant to the collective action provision of 29 U.S.C. §216(b).

8.  Upon information and belief, defendant regularly engage plaintiffs to work on a salary basis without payment of time and one half overtime premium pay.

### B.  Defendant

9.  Linen 'n Things, Inc. is a retail company that sells home furnishings and decorative home accessories. Upon information and belief the defendant corporation has had gross revenues in excess of $500,000 for all relevant periods herein.

10. Linens 'n Things, Inc. lists 6 Brighton Road, Clifton, NJ 07015 as the address of its' corporate headquarters.

11. Upon information and belief, defendant operates an enterprise engaged in commerce within the meaning of the FLSA.

12. For each of the 3 years preceding the filing of the initial complaint herein, defendants have employed 2 or more individuals "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce."

**FACTS**

13. Plaintiff was employed by defendants as a Department Manager from on or about September 20, 2004 until March 2006. In March 2006, his title changed to Assistant Store Manager for Merchandising. He worked for defendant under that title until October 2006.

14. Plaintiff did not have the authority to hire or fire other employees as a Department Manager or as an Assistant Store Manager for Merchandising.

15. Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight as a Department Manager or as an Assistant Store Manager for Merchandising.

16. Plaintiff regularly worked more than 40 hours per week for defendants.

17. Defendant failed to pay plaintiff overtime compensation at the rate of time and one-half for all hours worked over 40.

18. Defendant's failure to pay plaintiff the proper wages required by law was willful.

19. All actions and omissions described in this complaint were made by defendant directly or through its supervisory employees and agents.

## CAUSE OF ACTION
## (OVERTIME)

20. Defendant failed to pay premium overtime wages to plaintiff in violation of the FLSA, 29 U.S.C. §203, 207 et seq., and its implementing regulations.

21. Defendant's failure to comply with the FLSA caused plaintiff to suffer loss of wages and interest thereon.

22. Defendant failed to pay overtime and minimum wages to plaintiff in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, 12 NYCRR §138-2.1 et. seq.

23. Defendants' failure to pay plaintiff proper overtime wages for each hour worked over 40 per week was willful within the meaning of Labor Law §663.

24. Defendants' failure to comply with the NY Labor Law minimum wage and overtime protections caused plaintiff to suffer loss of wages and interest thereon.

**WHEREFORE,** plaintiff requests that this Court enter judgment or an order to plaintiff:

A. Declaring that the defendants violated the FLSA and New York Labor Law, Article 19;

B. Declaring that the defendants' violations of the FLSA and New York Labor Law were willful;

C. Awarding damages for their claims of unpaid wages as secured by the FLSA as well as an equal amount in liquidated damages;

D. Awarding damages for their claims of unpaid wages as secured by Articles 6 and 19 of the New York Labor Law as well as an additional 25% in liquidated damages;

E.  Awarding the plaintiffs' costs, including expert witness expenses, and reasonable attorneys' fees; and

F.  Granting such further relief as the Court finds just.

Dated: October 30, 2006

Respectfully Submitted,

Michael J.D. Sweeney, Esq. (MS 7959)
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
(845) 255-9370

ATTORNEYS FOR PLAINTIFF

# CONSENT TO SUE UNDER THE F.L.S.A.

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, to secure any unpaid minimum wages, overtime, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Linens 'n Things, Inc. and any other associated parties.

I authorize Dan Getman Esq., any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 10-25-06

_____
Jose Anglada