UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE ANGLADA, individually and on Behalf of other similarly situated <br><br>  Plaintiffs, <br><br> vs. <br><br> LINENS 'N THINGS, INC., <br><br>  Defendants. | Case No. 06-CV 12901 (CM) (LMS) <br><br> **ECF FILED** |

### AGREED MOTION FOR APPROVAL
### OF FLSA SETTLEMENT AND RELEASE AGREEMENT

The named Plaintiff Jose Anglada ("Anglada") and Defendant Linens 'N Things, Inc., ("LNT") file this Agreed Motion for Approval of FLSA Settlement and Release Agreement and would show the Court as follows:

**I.   Procedural History.**

Anglada filed this action on November 2, 2006, alleging that LNT violated the Fair Labor Standards Act ("FLSA"). After the filing, Anglada and LNT reached an amicable settlement agreement. The Parties now jointly seek approval of this settlement and release agreement.

**II.   Argument and Authorities.**

A.  The Standard for Approval

An FLSA claim, except in two circumstances, cannot be waived or settled. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The exceptions are 1) that the Secretary of Labor can supervise the payment of back wages or 2) that the employer and employee present the proposed settlement to the district court for approval. 29 U.S.C. § 215(b); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). To approve an FLSA

collective action settlement, the court must find that the settlement agreement is "fair, adequate, and reasonable, and not a product of collusion." *Joel A. v. Giuliani,* 218 F.3d 132, 138-39 (2d Cir. 2000). Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 116 (2d Cir. 2005) (citing *D'Amato v. Deutsche Bank,* 236 F.3d 78, 85 (2d Cir. 2001)). Court's presume fairness, adequacy, and reasonableness when a settlement is reached "in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Id.* In fact, the settlement of cases is strongly encouraged by the courts. *Id.* at 116-17.

  B. <u>This Settlement and Release Agreement is Fair and Reasonable</u>

  LNT vigorously denies any and all allegations of violations of the FLSA contained in Anglada's petition. However, in lieu of proceeding in litigation, the Parties seek Court approval of the Settlement and Release Agreement entered in mutually by the Parties. One of the terms of the settlement agreement between the parties is confidentiality. Therefore, to ensure that the Parties retain that term, the details of the Settlement and Release Agreement are being produced to the Court *in camera* or under seal if so ordered by the Court. *See* Exhibit 1, pp. 1-6. The breakdown of the settlement proceeds to Anglada is contained in the Settlement and Release Agreement at Exhibit 1. *See* Exhibit 1, p. 2.

  Both Parties were represented by counsel during the settlement negotiations. Counsel for both Parties have handled numerous FLSA lawsuits. The settlement reached was based on a compromise of the issues in this case. Specifically, Anglada contended that he was denied the payment of overtime wages based on LNT's classification of his employment status as exempt. LNT denied that Anglada was misclassified. The parties reached a reasonable compromise based on the relative merits of Anglada's allegations and LNT's defenses, taking into account the

cost of litigation. Based on Anglada's and LNT's own calculations, LNT agreed to pay Anglada a significant portion of back wages and his attorneys' fees. This settlement fairly considered the Parties' relative positions and is both fair and reasonable.

### III.     Conclusion.

The settlement reached was a fair and reasonable compromise of the Parties' respective positions. The Parties therefore respectfully request that the Court approve the settlement and enter the Agreed Order of Dismissal.

Respectfully submitted,

/s/ Michael J.D. Sweeney
Michael J.D. Sweeney (MS 7959)
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
845.255.9370 (Telephone)

**ATTORNEYS FOR PLAINTIFF**

-and-

/s/ Paul P. Rooney
Paul P. Rooney
New York Bar No. (PR 0333)
Reed Smith LLP
599 Lexington Avenue
Suite 2900
New York, NY 10022
212-521-5400
212-521-5450 (Facsimile)
*National Counsel:*
Ron M. Gaswirth
Texas Bar No. 07752000
Carrie B. Hoffman
Texas Bar No. 00787701
GARDERE WYNNE SEWELL LLP
1601 Elm Street
3000 Thanksgiving Tower
Dallas TX 75201
214-999-3000
214-999-4667 (Facsimile)

**ATTORNEYS FOR DEFENDANT LINENS 'N THINGS, INC.**

## CERTIFICATE OF SERVICE

I, Paul P. Rooney, certify that on this 29th day of June 2007, pursuant to ECF Rules and Local Civil Rule 5.2, the annexed AGREED MOTION FOR APPROVAL OF FLSA SETTLEMENT AND RELEASE AGREEMENT was served electronically via the Notice of Electronic Filing automatically generated by the ECF system upon the following counsel of record:

>Michael J.D. Sweeney, Esq.
>GETMAN LAW OFFICE
>9 Paradies Lane
>New Paltz, New York 12561

>/s/ Paul P. Rooney
>Paul P. Rooney